IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WALTER ANTHONY DESHAZO                      PLAINTIFF

v.                  Civil No. 06-4088

JOHN PARTAIN, et al.                              DEFENDANTS

## MEMORANDUM OPINION

Walter DeShazo brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. His complaint was filed in forma pauperis (IFP) and it is now determined whether it should be served upon the defendants.

### I. Discussion

DeShazo contends that he was arrested by Officer Chad Dowdle for criminal trespass and booked into the Servier County Jail on June 18, 2003. (Doc. 1). He states that Chris Brackett threatened that DeShazo would be jailed if he returned to Pilgrim's Pride, DeShazo's alleged place of business. DeShazo apparently returned to Pilgrim's Pride and was again confronted by officers. DeShazo alleges that he presented the officers with a copy of the alleged contract granting him access to the broiler houses at Pilgrim's Pride but that the officers ignored said contract. As a result, DeShazo was arrested and charged. He states that Norman Cox was appointed to represent him. Further, Deshazo states that Ralph Keen and Tom Cooper, of the Prosecutor's Office, failed to respond to his discovery requests. On September 16, 2003, the charges against DeShazo were dropped.

DeShazo's claims are barred by the statute of limitations as they are based on events that occurred more than three years before the filing of this complaint. Section 1983 actions are

characterized as personal injury claims for purposes of applying the appropriate state statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 276, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985). Arkansas' three-year personal injury statute applies to any § 1983 actions that accrued in this state. *Searcy v. Donelson*, 204 F.3d 797, 799 (8th Cir. 2000); *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992). This case was filed on October 13, 2006. The alleged actions the subject of this suit occurred on June 18, 2003, more than three years prior to the filing of the complaint.

Further, DeShazo's claims against Ralph Keen and Tom Cooper are subject to dismissal, regardless of the statute of limitations. Prosecuting attorneys are immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606, 2615, 125 L. Ed. 2d 209 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, it is clear Keen and Cooper are entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

To the extent DeShazo's complaint seeks injunctive relief, we find the claim not cognizable. While the Supreme Court has not held that this immunity insulates prosecutors from

AO72A
(Rev. 8/82)

declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984), a plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will recur. DeShazo can make no such showing here. Further, injunctive relief is not appropriate where an adequate remedy under state law exists. *Id.*, 466 U.S. at 542 & n.22. *See also Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1336 (8th Cir. 1975).

To the extent DeShazo intends to bring a malicious prosecution claim, this claim also fails. It has been "uniformly held that malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury." *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001). Similarly, a cause of action for defamation is not cognizable under § 1983. *Loftin v. United States*, 72 F.3d 133 (8th Cir. 1995); *Miner v. Brackney*, 719 F.2d 954, 955 (8th Cir. 1983).

## II. Conclusion

Accordingly, this case is hereby dismissed as it is barred by the statute of limitations. Moreover, the claim is not cognizable under § 1983. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time).

DATED this 15th day of November 2006.

/s/ Harry F. Barnes
HONORABLE HARRY F. BARNES
UNITED STATES DISTRICT JUDGE

AO72A
(Rev. 8/82)